United States District Court
Southern District of Texas
**ENTERED**
August 12, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERMAINE HINES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1505 |
| | § | |
| ENERGY XXI SERVICES, LLC, et al | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is intervenors Fab-Con, Inc. ("Fab-Con") and Signal Mutual Indemnity Association, Ltd. ("Signal") (collectively, "Intervenors") motion for a temporary restraining order ("TRO") and injunctive relief against plaintiff Jermaine Hines ("Hines"). Dkt. 111. After considering the motion, response, reply, evidentiary record, and the applicable law, the court finds that Intervenors' motion should be DENIED.[1]

### I. BACKGROUND

This case involves injuries Hines alleges he incurred on August 26, 2016 while working aboard an oil rig in the Gulf of Mexico owned by defendants Energy XXI Services, LLC and its affiliates (collectively, "Energy XXI"). Dkt. 111-1. Hines was an employee of Fab-Con at the time. Dkt. 111-1. In connection with Hines's injuries and pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), Fab-Con and its group self-insurer, Signal, paid compensation and medical benefits to and on behalf of Hines allegedly equaling $225,106.35. Dkt. 111-1.

---

[1] Separately, the court grants Intervenors' motion to file supplemental briefing and has considered the arguments contained therein. Dkt. 113.

Hines sued Energy XXI, Industrial & Oilfield Services, Inc. ("IOS"), Sirius Technologies, LLC ("Sirius"), and Wood Group PSN ("Wood") (collectively, "Defendants") for damages arising from Defendants' alleged negligence. Dkt. 1, 46, 62. Hines settled with Energy XXI and IOS, and the court granted summary judgment in favor of Sirius and Wood. Dkt. 99, 104, 105.

On July 15, 2019, the court granted Intervenors' request to file a complaint asserting a lien under the LHWCA against Hines's recovery from this litigation, including any settlement funds. Dkt. 108, 109. On July 19, 2019, Intervenors moved for a TRO and injunctive relief preventing Hines's counsel from dispersing any settlement funds to Hines until their alleged lien is satisfied. Dkt. 111. In support of their request, Intervenors assert that they "may face irreparable harm," because "nothing would prevent [Hines] from extinguishing those funds," once dispersed. Dkt. 111-1. Hines filed his response on August 2, 2019. Dkt. 114. Intervenors filed their reply on August 9, 2019. Dkt. 115.

## II. LEGAL STANDARD

The party seeking a TRO or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure must demonstrate four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires an unequivocal showing of the need for the relief to issue. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Thus, injunctive relief should only

be granted where the movant has "clearly carried the burden of persuasion." *Bluefield Water Ass'n*, 577 F.3d at 252–53; *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

### III. ANALYSIS

"In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 599 (5th Cir. 2011). The availability of monetary damages, however, "does not always mean that the remedy at law is 'adequate.'" *Id.* If the movant shows that there are "'extraordinary circumstances'—such as evidence showing that the defendant is likely to become insolvent before final judgment or that the defendant intends to dissipate his assets to make a judgment awarding damages uncollectible"—then a court may find the harm irreparable. *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 695 (4th Cir. 1994); *Amegy Bank Nat'l Assoc. v. Monarch Flight II, LLC*, No. H-11-3218, 2011 WL 6091807, at *6 (S.D. Tex. Dec. 7, 2011) (Rosenthal, J.) (relying on *Hughes Network* and finding that the plaintiff in that case had shown that the defendant would lack assets at the end of litigation to satisfy a final judgment). It is the movant's burden to demonstrate that irreparable injury is likely should the court not grant the requested relief. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 129 S. Ct. 365 (2008). The court finds that Intervenors have not carried their burden of persuasion that the alleged injury is irreparable. *Bluefield Water*, 577 F.3d at 252–53.

Intervenors seek to prevent Hines's counsel from dispersing any settlement funds to Hines until their alleged lien is satisfied. *See* Dkt. 111-1. Intervenors assert that failing to enjoin Hines's counsel will cause irreparable harm, because Hines could dispose of the funds before satisfying Intervenors' alleged lien. Intervenors, however, fail to offer support for that assertion. *Id.* They therefore have not satisfied their burden of demonstrating that irreparable harm is likely if the court

3

does not provide equitable relief. Accordingly, Intervenors' motion for a TRO and injunctive relief is DENIED.

## IV. CONCLUSION

The court finds that Intervenors have not met their burden of persuasion. Therefore, the court DENIES Intervenors' motion for a TRO and injunctive relief. Dkt. 111.

Signed at Houston, Texas on August 12, 2019.

_____
Gray H. Miller
Senior United States District Judge