UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERMAINE HINES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1505 |
| | § | |
| ENERGY XXI SERVICES, LLC, et al | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is intervenors Fab-Con, Inc. ("Fab-Con") and Signal Mutual Indemnity Association, Ltd.'s ("Signal") (collectively, "Intervenors") motion for summary judgment. Dkt. 119. After considering the motion, response, reply, record evidence, and the applicable law, the court finds that Intervenors' motion should be GRANTED.

**I. BACKGROUND**

This case involves injuries plaintiff Jermaine Hines ("Hines") alleges he incurred on August 26, 2016 while working aboard an oil rig in the Gulf of Mexico off the Louisiana coast. Dkt. 119-1.[1] Hines was an employee of Fab-Con at the time. Dkt. 119-1. In connection with Hines's injuries and pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), Fab-Con and its group self-insurer, Signal, paid to and on behalf of Hines indemnity benefits totaling $157,981.18 and medical benefits totaling $67,125.17. Dkt. 119-3 at 2.

Defendants Energy XXI Services, LLC and its affiliates (collectively, "Energy XXI") own the rig where Hines was allegedly injured. Dkt. 119-1. Fab-Con and Energy XXI entered into a

---

[1] Hines does not dispute the veracity of Intervenors' statement of facts (Dkt. 119-1). Dkt. 122 at 3.

Master Services Agreement ("MSA") on September 23, 2008, which obligated Fab-Con to indemnify and defend Energy XXI against injury claims brought by Fab-Con employees and waive subrogation rights in favor of Energy XXI. Dkt. 119-5 at 2.

Hines sued Energy XXI, Industrial & Oilfield Services, Inc. ("IOS"), Sirius Technologies, LLC ("Sirius"), and Wood Group PSN ("Wood") (collectively, "Defendants") for damages arising from Defendants' alleged negligence. Dkt. 1, 46, 62. In connection with Hines' claims, Energy XXI tendered defense and indemnity to Fab-Con, which accepted the tender and undertook the defense and indemnity of Energy XXI. Dkt. 119-6 at 2. Hines settled with Energy XXI and IOS, and the court granted summary judgment in favor of Sirius and Wood. Dkt. 99, 104, 105.

On July 15, 2019, the court granted Intervenors' request to file a complaint asserting a lien under the LHWCA against Hines's recovery from this litigation, including any settlement funds. Dkt. 108, 109. Intervenors moved for summary judgment on August 28, 2019. Dkt. 119. Hines argues Fab-Con waived its right to a LHWCA lien when it agreed to waive subrogation in the MSA. Dkt. 122. Intervenors assert that the subrogation waiver is void under the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") because Energy XXI tendered indemnity and defense to Fab-Con. Dkt. 119.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets

its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008). But, the court need not "sift through the record in search of evidence to support the nonmovant's opposition to summary judgment." *Carr v. Air Line Pilots Ass'n*, 866 F.3d 597, 601 (5th Cir. 2017).

## III. ANALYSIS

The parties agree that Intervenors paid compensation and medical benefits to and on behalf of Hines in accordance with the LHWCA. Dkt. 119-1; 122 at 3. The LHWCA is a worker's compensation statute that affords injured employees "quick, certain compensation from their employers regardless of fault." *Chenevert v. Travelers Indem. Co.*, 746 F.3d 581, 585 (5th Cir. 2014) In exchange, employers are generally absolved from any further liability, but the injured worker may still seek recourse against third parties who may have caused the injury. *Id.* Employers and insurers that pay benefits to an injured employee under the LHWCA obtain a "subrogation right to be reimbursed from the worker's net recovery from a third party for the full amount of compensation benefits already paid." *Id.* These liens attach to a judgment or settlement. *Jacques v. Kalmar Indus., AB*, 8 F.3d 272, 274 (5th Cir. 1993). However "[w]hen a party has waived its right to subrogation, it loses its lien on a plaintiff's recovery." *Sims v. Envtl., Safety & Health Consulting Servs., Inc.*, No. 13-1694, 2014 WL 6633248 *6 (S.D. Tex. Nov. 21, 2014) (citing *Allen v. Texaco, Inc.*, 510 F.2d 977, 978 (5th Cir. 1975)).

Hines concedes that Intervenors are entitled to a paid compensation lien under the LHWCA but for the waiver of subrogation in the MSA. Dkt. 122 at 3-4. Intervenors also acknowledge their waiver of subrogation rights, but argue that LOAIA voids the waiver under the present facts.

Dkt. 119-2 at 3. Hines agrees LOAIA is applicable to the MSA, but the facts here do not warrant voiding the waiver of subrogation. Dkt. 122 at 4-7.

LOAIA is a Louisiana statute that invalidates certain oilfield indemnity agreements and "waivers of subrogation . . . which would frustrate or circumvent the prohibitions of [LOAIA]." LA. STAT. ANN. § 9:2780. The Louisiana Supreme Court explained LOAIA "arose out of a concern about the unequal bargaining power of oil companies and contractors and was an attempt to avoid adhesionary contracts under which contractors would have no choice but to agree to indemnify the oil company." *Fontenot v. Chevron U.S.A. Inc.*, 676 So. 2d 557, 561-63 (La. 1996). The *Fontenot* court reasoned that "voiding a waiver of subrogation clause only achieves the purpose of the Anti-Indemnity Act when such a clause is sought to be enforced in conjunction with the enforcement of an indemnification clause," because enforcing the two clauses together would "shift liability from a tortfeasor oil company back to the oilfield service contractor." *Id.* at 565; *see also Hudson v. Forest Oil Corp*, 372 F.3d 742, 747 (5th Cir. 2004) ("[T]he most important aspect of *Fontenot* is that 'voiding a waiver of subrogation clause only achieves the purpose of [LOAIA] when such a clause is sought to be enforced in conjunction with the enforcement of an indemnification clause.'") (quoting *Fontenot*, 676 So. 2d at 565).

Intervenors' summary judgment evidence establishes that Energy XXI tendered defense and indemnity to Fab-Con, thereby invoking its rights to indemnification under the MSA. Dkt. 119-6. Hines now seeks to enforce the MSA's waiver of subrogation against Intervenors, but has offered no evidence to refute Fab-Con's defense and indemnity of Energy XXI. Because the evidence shows Energy XXI enforced the indemnification clause, enforcing the waiver of subrogation would violate LOAIA as construed by the Louisiana Supreme Court. *See Fontenot*, 676 So. 2d at 565. The waiver of subrogation is therefore void under LOAIA, and Intervenors are entitled to the LHWCA compensation lien they seek. Intervenors' motion for summary judgment is GRANTED.

4

## IV. CONCLUSION

The waiver of subrogation in the MSA is void and, Intervenors are entitled to a LHWCA paid compensation lien in the amount of $225,106.35. Accordingly, the court GRANTS Intervenors' motion for summary judgment (Dkt. 119), and Hines's motion for leave to file surreply to reply to opposition to motion for summary judgment (Dkt. 127) is DENIED AS MOOT.

Signed at Houston, Texas on October 1, 2019.

_____
Gray H. Miller
Senior United States District Judge